United States *v.* Robert K. Herbst (No. 5061)[1]

---

[1] C.A.D. 781.

United States Court of Customs and Patent Appeals, July 14, 1961

*George S. Leonard*, Acting Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section, for the United States.

*Sharretts, Paley & Carter, Brooks & Brooks*, (*Joseph F. Donohue*, of counsel) for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

SMITH, Judge, delivered the opinion of the court:

This is an appeal from the decision of the United States Customs Court, Second Division, (C.D. 2201) sustaining the importer's protest and holding that his personal exemption as a returning resident under paragraph 1798(c) of the Tariff Act of 1930 should have been applied against the value of a Volkswagen automobile imported by him. The circumstances under which the automobile was acquired and imported are set forth in a stipulation by the parties as follows:

1. That the protest herein is directed against the assessment of duty of $75.25, by the Collector of Customs, New York, N.Y. on the automobile imported by plaintiff into the United States upon his return from Europe, December 5, 1957, ex SS AUGUSTUS:

2. That the automobile in question was purchased from Transol Car Sales, 22 Hollanderstraat, The Hague, Holland on September 6, 1957 and transferred to plaintiff by the vendor on that date in the city of The Hague, Holland, as indicated in the Bill of Sale, attached hereto;

3. That said Bill of Sale, dated September 6, 1957, is hereby offered in evidence without objection from either party litigant;

4. That in assessing duty on the aforesaid automobile the Collector of Customs allowed the sum of $275.00, or approximately 25 per cent of the purchase price, for depreciation, the car having been used abroad by plaintiff.

5. That the full purchase price of the automobile in question was paid by plaintiff to Transol Motors, 1818 El Dorado Avenue, San Jose, California, as agent for the aforesaid seller in Holland, prior to plaintiff's departure from the United States on the trip abroad referred to in paragraph "1" herein, * * *.

In addition to the facts set forth in the stipulation, the Customs Court accepted as a fact the statement in the protest that the automobile had been driven abroad over 4,000 miles prior to its importation, and the Government does not assign error in the court's action in that respect.

Whether the importer is permitted to apply his personal exemption as a returning resident of the United States to an automobile

---

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

acquired under these circumstances depends first, on whether the importer "acquired" the automobile abroad, and second, on whether it was acquired as an "incident of the journey" as these terms are used in the applicable statute.[3]   The Customs Court answered both questions in the affirmative.

It is the position of the Government (1) that the automobile was not "acquired abroad" and (2) that it was not acquired as an "incident of the journey."

It is clear from the stipulated facts that the payment of the purchase price to the agent of the seller in the United States did not serve to transfer title to any particular automobile to the importer but merely gave him a claim against the seller.   In fact, so far as appears from the record, the particular automobile which was eventually delivered to the importer may not even have been in existence when the purchase price was paid.   Under these circumstances we agree with the Customs Court that the automobile was "acquired" in Holland within the meaning of paragraph 1798(c) of the 1930 Tariff Act.

The cases to the contrary relied on by the Government are decisions of the Customs Court hence not binding on us.   Moreover, we find nothing in them which would justify us in reaching a conclusion differing from that of the Customs Court herein.   Our decision is dictated by the plain meaning of the statute.

The evidence of record establishes that appellee acquired in the United States, neither title to, interest in, nor possession of the Volkswagen automobile which he brought back with him from Europe.   Yet the Government would have us construe the statute to hold that he "acquired" the Volkswagen automobile, within the meaning of the statute, in the United States before he left for Europe. To do so, we would be required to give the word "acquired" a meaning other than its common meaning which we think would violate the intent of Congress.

We also agree with the Customs Court that appellee acquired the imported automobile as an incident of his journey abroad.   The Government argues that the stipulated facts lead inevitably to the conclusion that appellee journeyed to Europe for the primary purpose of acquiring the automobile and touring Europe with it.   There is nothing of record, however, to indicate that he went abroad primarily to acquire the automobile, and the fact that it was driven four thousand miles over a period of several months before being brought to the

---

[3] The applicable stautute bearing on these issues in Paragraph 1798(c)(2) of the Tariff Act of 1930 (19 U.S.C. § 1201, par. 1798(c)(2)), as amended by the Customs Simplification Act of 1953 (67 Stat. 507) which reads in pertinent part:
  (c) In the case of any person arriving in the United States who is a returning resident thereof—
      (2) articles * * * acquired abroad as an incident of the journey from which he is returning, for his personal or household use, but not imported for the account of any other person nor intended for sale, * * *

United States is very persuasive of the conclusion that acquisition of the automobile was subordinate to the primary purpose of the journey.

In our opinion, the arguments urged by appellant are not supported by the statutory language in issue.

We are satisfied on this record that appellee "acquired" his Volkswagen automobile abroad "as an incident of his journey" as these terms are used in the statute.

The judgment of the United States Customs Court is *affirmed*.